BLANCHE, Judge.
This is a suit for a declaratory judgment brought by the Attorney General on behalf of the surviving widow and child of Osmer Douglas McFillen under the provisions of Louisiana Constitution Article XIV, Section 15.2, which provides for financial death benefits to the surviving spouse and children of law enforcement officers in certain cases:
“Section 15.2 A. It is hereby declared to be the public policy of this state, under its police power, to provide for the financial security of surviving spouses and dependent children of law enforcement officers where such officers suffer death from physical violence while engaged in the direct apprehension of a person during the course of the performance of their duties.

“C. In any case in which a law enforcement officer, as defined by this section, suffers deáth as a result of physical violence while engaged in the direct apprehension of a person during the course of the performance of his duties as such law enforcement officer, the legislature shall appropriate the sum of ten thousand dollars, which shall be paid to the surviving spouse of such law enforcement officer, and in addition thereto, should such law enforcement officer be survived by minor children, the legislature shall appropriate the sum of five thousand dollars for each of said minor children, which sum shall be paid to the duly appointed and qualified tutor or other legal representative of said child. * * *» (Emphasis ours)
It is not disputed that Osmer Douglas McFillen at the time of his death was a law enforcement officer and was in the course of performing his duties or that plaintiffs are his survivors within the meaning of Section 15.2.
However, the trial judge found that Deputy McFillen did not die “as a result of physical violence while engaged in the direct apprehension of a person” within the meaning and intent of that section and denied recovery. For reasons hereinafter stated, we affirm that judgment.
The interpretation of the scope of that quoted language is the basis of the plaintiffs’ appeal, inasmuch as the facts surrounding Deputy McFillen’s death are not disputed. On the date of his death, March 19, 1966, McFillen was ordered to fly to Leavenworth, Kansas, to pick up a prisoner in the federal penitentiary who had been extradited to Louisiana to be prosecuted for a felony. Shortly after take-off from Lake Charles, the small plane belonging to the Calcasieu Parish Sheriff’s Department crashed and Deputy McFillen was killed.
Plaintiffs urge that even at this point in time McFillen was engaged in the direct apprehension of a person and that he died as a result of physical violence within the meaning of Section 15.2.
*866 The defendant contends that the mere commencement of a trip to pick up and transport a person already held in custody is not contemplated by the words “engaged in the direct apprehension of a person” and that accidental death in a plane crash is not within the intended meaning of “death as a result of physical violence.” The defendant urges a restrictive interpretation of these phrases, relying primarily on the apparent legislative intent, as reflected by the progress of the bill through the legislature, and on factors surrounding the proposal and adoption of the law. These are factors which may be considered in construing a law when its scope and meaning are in doubt. State v. Maloney, 115 La. 498, 39 So. 539 (1905); State ex rel. New Orleans Pac. Ry. Co. v. Nicholls, 30 La.Ann. 980 (1878).
On November 13, 1963, Deputy Charles Hurt of the East Baton Rouge Parish Sheriff’s Office died of gunshot wounds inflicted as he attempted to arrest an armed suspect. At the next regular session of the legislature, the Representatives of East Baton Rouge Parish co-authored House Bill No. 1227, a joint resolution, which was ultimately passed as Acts 1964, No. 533, and adopted by the people as Section 15.2. The original bill introduced provided benefits to the survivors of officers who suffered death “from violence or accidental means.” However, by House Committee amendments, that broad language was deleted and replaced by the present, more restrictive language, “death as a result of physical violence while engaged in the direct apprehension of a person.”
In the light of this background information, the trial judge agreed with the defendant’s interpretation and concluded that Deputy McFillen did not meet his death in the kind of restricted circumstances contemplated by Section 15.2. For the same reasons, we agree and affirm the judgment of the lower court denying recovery to the widow and child of Osmer Douglas Mc-Fillen. The costs of this appeal, to the extent authorized by law, are to be borne by the plaintiffs-appellants.
Affirmed.